UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                          :
                                                :
PIERRE PHILIPPE BARKATS,                         :        Case No. 14-00053
                                                :        Chapter 7
              Debtor                             :
_____:

### RESPONSE TO EMERGENCY MOTION FOR (A) CLARIFICATION, (B) ENLARGEMENT OF TIME, AND (C) RE: REPRESENTATION FILED BY PANAGIOTIS KALELLIS

COMES NOW Pierre Philippe Barkats ("Barkats"), by and through his counsel, Cohen, Baldinger & Greenfeld, LLC, and files this Response to the Emergency Motion seeking to enlarge time to file a status report in this case, seeking an order compelling Barkats' counsel to continue representing him, to produce information concerning Barkats, and to "deposit in escrow $7,500.00 as a bond" if he intends to withdraw from representation of Barkats. In response to the motion, Barkats shows the Court as follows:

1.       On July 3, 2014, the Court entered an Order (the "July 3 Order") tentatively vacating the Order for Relief entered in this involuntary bankruptcy case.  The Court held that the petitioning creditors, Panagiotis Kalellis, Vladimir Shekoyan, and Laura Zaporojan (the "Petitioners"), had not carried their burden of showing proper service of the involuntary petition and summons on Barkats, but the Court provided them with options for proceeding in the case. Essentially, the Court allowed them (1) to seek discovery to produce evidence showing they *have* properly served the summons and petition, or (2) to serve a reissued summons and petition, obtain a waiver of service, or request alternative service. The Court ordered the Petitioners to file a status report indicating which route they intended to take no later than July 24, 2014.

2.      The Petitioners have not attempted to serve the new summons or to commence

discovery concerning the original summons.  Instead, on July 14, 2014, the Petitioners filed an

"emergency" motion, requesting an enlargement of time for filing their status report and seeking

numerous other forms of relief, including an order that Barkats' counsel "must" continue to

represent him, must produce information concerning Barkats whereabouts, and must post a bond

of $7,500.00 against costs they might incur in seeking to serve Barkats, should counsel withdraw

from representation. In addition, they requested numerous "clarifications" of the July 3 Order,

including whether the Court intends to issue subpoenas for certain depositions, whether it would

allow substituted service if it rules against them as to sufficiency of prior service, whether

Barkats' counsel would be permitted to represent him in an evidentiary hearing, whether

Barkats' domestic law counsel could be called as a fact witness in any evidentiary hearing, and

other questions.

3.      None of these requests is appropriate.  The Petitioners' options as laid out in the

July 3 Order are clear and unequivocal.  They may attempt service (which could involve making

a request for a waiver of service under Fed. R. Bankr. P. 7004(d)), or they may conduct

discovery about their prior attempt at service.  Instead of making a decision, however, they have

filed a motion filled with spurious arguments that Barkats' counsel should "produce information"

about his location, or be compelled to represent Barkats or post a bond if he is not representing

Barkats.  Barkats submits the motion is simply an effort to avoid making a decision how to move

forward, and that the Petitioners should not be permitted to delay that decision further.

4.      Rather than attempt service or request a waiver under Fed. R. Bankr. P. 7004(d),

Petitioners have simply complained about counsel's statements in a single email exchange with

one of the Petitioners..  In that email exchange, counsel stated that  he has no authority  to

"accept" service and that his representation of Barkats was limited to contesting the validity of

service.  Petitioners suggest that this constitutes "failure to cooperate" with the July 3 Order:

"We are very familiar," they  state, "with this sort of non-refusal, and we believe we are entitled

to consider this a refusal . . . to grant a waiver." But of course, Petitioners have made no request

for a waiver pursuant to Rule 7004(d).  Indeed, they have not even indicated whether they intend

to proceed with discovery, attempt service of the renewed summons, or take any other action.

  5.  Instead of making the choice called for in the July 3 Order, Petitioners have

submitted a number of plainly inappropriate demands.  They demand that counsel be compelled

to provide information about Barkats' whereabouts (despite the fact that Barkats has already

supplied them with an address at which he can be served); that counsel be compelled 'to

represent' Barkats (who has yet to be served with process), or that counsel should post a bond to

secure them against the costs of serving Barkats (which counsel cannot be compelled to do in

any case, and particularly where the Petitioners have not even requested a waiver of service

under Rule 7004(d)).  These demands are simply without merit or any legal authority, and they

are intended to allow the Petitioners to avoid making the simple choices laid out in the Court's

July 3 Order.

  6.  Likewise, Petitioners' attempts to gain answers to hypothetical questions about

the discovery process (should they choose to go forward with discovery) is improper.  The Court

has indicated in the July 3 Order that their effort to show service was proper (in connection with

Barkats' Motion to Vacate) would initiate a contested matter. In such a contested matter the

Federal Rules of Bankruptcy Procedure provide answers regarding how discovery will proceed.

Asking the Court to rule in advance on the details of future discovery questions -- whether

subpoenas would be issued to foreign individuals for depositions if requested, whether Barkats'

domestic law counsel could be called as a fact witness (presumably implicating the attorney-client privilege), are premature and not proper in this motion.

7.      Finally, Barkats respectfully submits that no cause exists to extend the time for the Petitioners to file a status report in this case.  They have stated no emergency, but instead they have simply pointed at a number of supposed obstacles to them making a decision how they wish to proceed.  The choices are not overly complex, and the Petitioners state no real reason in the motion why they cannot make a determination and file their report by July 24th.  Their emergency motion should be denied.

WHEREFORE, for the reasons stated herein, Pierre Philippe Barkats respectfully requests the Court deny the Emergency Motion, and grant such other relief as is just and proper.

COHEN, BALDINGER & GREENFELD, LLC

_____/s/_Augustus T. Curtis_____
Merrill Cohen, Esq. (Bar No. 381169)
Augustus T. Curtis, Esq. (Bar No. 993228)
2600 Tower Oaks Boulevard
Suite 103
Rockville, MD 20852
(301) 881-8300
Attorney for Pierre P. Barkats

CERTIFICATE OF SERVICE

I certify that the foregoing Response was served, this 23rd day of July, 2014, via United States Mail, postage prepaid on: Panagiotis Kalellis, 1308 Clifton Street, NW, #207, Washington, DC 20009; Vladimir Shekoyan, 5204 45th Street, NW, #B, Washington, DC 20015; Laura Zaporojan, 527 E. 78th Street, #3D, New York, NY 10025; Wendell W. Webster, Trustee, 1775 K Street, NW, Suite 600, Washington, DC 20006; and the Office of the United States Trustee, 1115 South Union Street, Suite 210, Plaza Level, Alexandria, VA 22314.

__/s/Augustus T. Curtis_____
Augustus T. Curtis