UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re: :
:
PIERRE PHILIPPE BARKATS, : Case No. 14-00053
: Chapter 7
Debtor :
_____:

## RESPONSE TO MOTION FOR JUDICIAL NOTICE AND FOR ORDER STAYING TRANSFER OF ASSETS

COMES NOW Pierre Philippe Barkats ("Barkats"), by and through his counsel, Cohen, Baldinger & Greenfeld, LLC, and files this Response to the Motion for Judicial Notice and for Order Staying Transfer of Assets (the "Motion") filed in the above-captioned matter, and in support hereof shows the Court as follows:

1. The petitioning creditors in this involuntary bankruptcy case, Panagiotis Kalellis, Vladimir Shekoyan, and Laura Zaporojan (the "Petitioners") filed the Motion requesting the court to "take judicial notice" of a divorce proceeding involving Barkats and Rondi Walker (styled as Walker v. Barkats, Case No. 2010-DRB-3149, in the Superior Court for the District of Columbia) (hereinafter, the "Divorce Action"), and requesting that the Court issue an order restraining the Superior Court from "assisting" in the transfer of real property owned by Barkats and Walker and located at 3232 Garfield Street, NW, Washington DC (the "Marital Property"). Barkats respectfully submits that their Motion is without any basis in law or fact, and it should therefore be denied.

2. The Petitioners have argued that the Court should "take judicial notice" of the Divorce Action in its entirety, and of the alleged "fact" that the plaintiff, Rondi Walker ("Walker"), "asked the Divorce Court to assist in transferring [the Property] without the necessity of involving a Trustee in Bankruptcy. . ." (Motion, pg 1). The Motion offers no

-1-

support for its assertions regarding Walker or citations to anything in the public record from which judicial notice could be taken.  Moreover, the Motion does not even indicate a purpose for the Court to take judicial notice of any fact, and there is no evidentiary matter before the Court for which judicial notice is necessary. *C.f.* Clatterbuck v. City of Charlottesville, 708 F.3d 549, 558 (4th Cir., 2013), *citing* United States v. Bello, 194 F.3d 18, 22 (1st Cir.1999) (judicial notice relies upon showing of a valid purpose for use of particular facts).  Requesting the Court take judicial notice of an entire proceeding is not proper, and requesting the Court to take notice that a party "asked" for the Superior Court to assist her in circumventing the bankruptcy process is no less improper, particularly since the Petitioners cite to no specific facts in public record on which they base such assertions.

   3. The Petitioners' request that the Court "intervene" in the Divorce Action also lacks any legal or factual rationale.  The Petitioners urge the Court to intervene to prevent the transfer of the Marital Property, but the Motion offers virtually no indication what sort of order should be issued or any legal basis for the Bankruptcy Court to issue such an order.  Moreover, Petitioners omit a crucial fact from the Motion – the Petitioners are well-aware that the Marital Property *cannot* be transferred, due to a pending appeal in the Divorce Action.  The Petitioners themselves attempted unsuccessfully to intervene in the Divorce Action in November 2013, and as a result of the same hearing in which their request was denied, the Superior Court ordered Barkats to transfer his interest in the Marital Property to Walker.  The motion was granted over Barkats' strenuous objection, and Barkats appealed the ruling to the District of Columbia Court of Appeals. After a remand and entry of a revised order which likewise ordered Barkats to transfer his interest in the Marital Property, he again appealed on February 27th, 2014.  As part of

his appeal, Barkats requested *and obtained* an order staying the trial court's order directing the transfer of his interest in the Marital Property.

4. The appeal is in its early stages. Barkat's brief was filed on July 1, 2014, and Walker's brief, and any reply briefs, are due in August, 2014. Oral argument likely will not be scheduled until late in the year, after which a ruling is likely to be several months. As a result, there is no chance that Barkats' interest in the Marital Property can be transferred for many months to come.

5. The Petitioners argue that Barkats and Walker are somehow conspiring to transfer his interest in the Marital Property and deprive creditors of its value, but these assertions are completely unsupported by any factual material and moreover, they fly in the face of Barkats' obvious efforts to prevent the transfer. Indeed, Barkats' counsel in the domestic action has informed counsel in this bankruptcy case that Barkats and Walker have not spoken in over two years and that they have entered into a consent order in the Divorce Action wherein they agree they will avoid all personal contact. It is evident from the records of the Superior Court and the appeal pending in the Court of Appeals that Barkats is not conspiring with Walker; rather he is fighting her aggressively in an effort to maintain his interest in the Marital Property.

6. A debtor in an involuntary case is permitted to "continue to operate, and . . . to use, acquire, or dispose of property" before an order for relief is entered. *See* 11 U.S.C. Sec. 303(f). As there is no order for relief in this case, the Bankruptcy Code permits Barkats to dispose of his property. In the present case, however, he has no intention or ability to take any action with regard to the Marital Property pending the outcome of the appeal, and the Motion states no basis for "intervention" by the Bankruptcy Court in the Divorce Action.

WHEREFORE, for the reasons stated herein, Pierre Philippe Barkats respectfully requests the Court deny the Motion, and grant such other relief as is just and proper.

        COHEN, BALDINGER & GREENFELD, LLC

        _____/s/_Augustus T. Curtis_____
        Merrill Cohen, Esq. (Bar No. 381169)
        Augustus T. Curtis, Esq. (Bar No. 993228)
        2600 Tower Oaks Boulevard
        Suite 103
        Rockville, MD 20852
        (301) 881-8300
        Attorney for Pierre P. Barkats

CERTIFICATE OF SERVICE

I certify that the foregoing Response was served, this 25th day of July, 2014, via United States Mail, postage prepaid on: Panagiotis Kalellis, 1308 Clifton Street, NW, #207, Washington, DC 20009; Vladimir Shekoyan, 5204 45th Street, NW, #B, Washington, DC 20015; Laura Zaporojan, 527 E. 78th Street, #3D, New York, NY 10025; Wendell W. Webster, Trustee, 1775 K Street, NW, Suite 600, Washington, DC 20006; and the Office of the United States Trustee, 1115 South Union Street, Suite 210, Plaza Level, Alexandria, VA 22314.

    __/s/Augustus T. Curtis_____
    Augustus T. Curtis