The order below is hereby signed.

Signed: August 1 2014



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
            UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
PIERRE PHILIPPE BARKATS,       )    Case No. 14-00053
                               )    (Chapter 7)
          Debtor.              )
```

ORDER RE EMERGENCY MOTION FOR CLARIFICATION,
ENLARGEMENT OF TIME, AND ADDRESSING REPRESENTATION

The petitioners have filed an *Emergency Motion for (a) Clarification, (B) Enlargement of Time; and (c) re Representation* asking the court to: (1) enlarge the time for the petitioning creditors to file their status report; (2) order the law firm of Cohen, Baldinger & Greenfeld, LLC and/or Merrill Cohen, Esq. to continue to represent the debtor; (3) order that Cohen and the firm of Cohen, Baldinger & Greenfeld provide all of their contact information for the client Pierre Barkats and formally withdraw from the case immediately; (4) order Cohen and the firm of Cohen, Baldinger & Greenfeld to deposit in escrow with the court the sum of $7,500; (5) clarify the court's July 3, 2014 order in various respects; and (6) specify whether the court will permit the petitioning creditors to use counsel for the limited purpose of

conducting an evidentiary hearing and thereafter proceed pro se. The petitioners have also filed a status report explaining the various options they perceive as available to them. In light of the timely filing of a status report, the court will deny the request for an extension of the filing deadline as moot.

The court will not order Merrill Cohen or the law firm of Cohen, Baldinger & Greenfeld, LLC to continue to represent the debtor or compel them to provide contact information for the debtor. It is up to the debtor to decide whether he wishes his attorneys to continue to represent him, not the court. As for contact information, if the petitioning creditors wish to subpoena information from the debtor's attorneys, they are free to do so, subject to any defenses the attorneys may raise in opposing such discovery.

Likewise, the court will not require the debtor's attorneys to post a bond. It is the debtor's duty to avoid any unnecessary expenses associated with service if he declines to consent to a Rule 4(d) waiver, not the attorneys', and there is thus no legitimate basis for requiring Cohen and his firm to post a bond.

As for clarifying the court's prior order:

1. The order did not attempt to set parameters for discovery. If the petitioners wish to conduct discovery prior to an evidentiary hearing and require either a discovery schedule or rulings from the court with respect to any discovery disputes

2

that arise, they should request a hearing for that purpose.

    2. The court's prior order was not intended to limit the petitioners' options with respect to establishing valid service. If the petitioners choose to pursue the issue of whether service at the Offutt Lane address was valid, but do not prevail, they will remain free to pursue alternatives such as the filing of a motion for substitute service.

    3.  The petitioners are free to employ counsel for the limited purpose of representing them in an evidentiary hearing relating to the service issue.  The court's local rules provide procedures applicable to an attorney's entry and withdrawal of appearance, and the attorney would need to comply with those rules.

It is thus

    ORDERED that the court's order of July 3, 2014 *Tentatively Vacating Order for Relief, Striking Affidavit, and Addressing Appropriate Service Address for Debtor* (Dkt. No. 29) is clarified in accordance with the foregoing.  It is further

    ORDERED that the request for an extension of the deadline for filing a status report is denied as moot.  It is further

    ORDERED that, if the petitioners wish to employ counsel for the limited purpose of representing them in an evidentiary hearing addressing the service issue, they may do so provided that the attorney complies with the applicable rules governing

attorney appearances and withdrawals.  It is further

    ORDERED that the petitioners' motion is otherwise DENIED.

                                         [Signed and dated above.]

Copies to: Petitioning creditors; recipients of e-notification of filings.