The order below is hereby signed.

Signed: August 1 2014



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PIERRE PHILIPPE BARKATS, | ) | Case No. 14-00053 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

ORDER RE APPLICATION FOR ORDER TO
SHOW CAUSE AND REQUEST FOR EMERGENCY HEARING

The petitioners have filed a*n Application for Order to Show Cause why the Court Should not Enter Temporary Restraining Orders, Authorize Substituted Service and Make Orders Consistent With LBR 9010-3*. If the petitioners seek injunctive relief, they must file an adversary proceeding in accordance with Fed. R. Bankr. P. 7001, not a motion for an order to show cause. If they wish to attempt to serve the debtor at 3232 Garfield Street NW, Washington D.C. or at the address listed by the debtor with the D.C. Bar, they are free to request that the clerk issue new summonses and they are free to attempt service accordingly. The question of whether service on the debtor at either of those addresses constitutes valid service can be addressed at a later date and does not require an emergency hearing. Alternatively,

if the petitioners seek an order authorizing substitute service, they should pursue such relief by the filing of a motion that provides adequate notice of opportunity to object in compliance with the rules applicable in this court.

Finally, invoking Local Bankruptcy Rule 9010-3 and Fed. R. Bankr. P. 2016(b), the petitioners seek an emergency hearing to address whether to compel Merrill Cohen, Augustus T. Curtis, and the law firm of Cohen, Greenfeld and Baldinger LLC to continue representing the debtor and whether to set a deadline by which they must formally withdraw as counsel.  There is no emergency in that regard.  The issue is premature because until proper service is made, there can be no order for relief leading to matters upon which LBR 9010-3 would require continued representation of the debtor.  The attorneys are representing the debtor with respect to getting the petition dismissed for lack of proper service, and the issue of whether further representation is required (or whether the court should grant a motion to permit representation to be limited to contesting the service of the involuntary petition) will not arise until proper service is made.

Moreover, the petitioners appear to lack standing to invoke LBR 9010-3, as that rule is for the protection of the debtor.  It is principally concerned with assuring that an attorney for the debtor who begins representing the debtor in a case for which an order for relief is or will be entered has signed on for the

2

reasonable duration of the case.  Here, to repeat, we have not advanced beyond the threshold question of whether the debtor has been properly served with the involuntary petition such that the involuntary petition can be granted (if it is not contested) and an order for relief thereby entered.  If service has not been properly effected, it is premature to address the issue of whether to treat the debtor's attorneys as obligated to represent the debtor, beyond contesting the service of the involuntary petition, because allegedly subject to LBR 9010-3.

The attorneys do appear to be subject to the requirements of Rule 2016(b), but the petitioners have not set forth a basis for their having standing to raise that issue, and there is no emergency to address the issue in any event.  Having been alerted to the failure to comply with Rule 2016(b) (assuming it applies), the attorneys presumably will promptly file a Rule 2016(b) statement.

It is

ORDERED that to the extent the petitioners' motion seeks an order authorizing them to serve summonses and complaints by first-class mail on the debtor at 3232 Garfield Street NW, Washington D.C. 20008 and 1250 Eye ("I") Street NW, Suite 710, Washington D.C. 20005-3922, the motion is GRANTED.  It is further

ORDERED that although the petitioners are authorized to

serve the debtor at the above-listed addresses, the court expresses no view as to whether service upon the debtor at the above-listed addresses would constitute valid service.  It is further

ORDERED that this order is without prejudice to the petitioners establishing that prior service of the involuntary petition was proper service.  It is further

ORDERED that the petitioners' motion is otherwise DENIED without prejudice to the filing of a motion seeking substitute service in accordance with the rules applicable in this court, and without prejudice to the filing of an adversary proceeding seeking injunctive relief.

[Signed and dated above.]


Copies to: Petitioning creditors; recipients of e-notification of filings.

4