The document below is hereby signed.

Signed: September 8, 2014



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
PIERRE PHILIPPE BARKATS,       )      Case No. 14-00053
                               )      (Chapter 7)
            Debtor.            )      Not for publication in
                               )      West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER GRANTING
MOTION FOR SUBSTITUTED SERVICE AND DIRECTING
THAT ANY RESPONSE BE FILED WITHIN THE DEADLINES
ESTABLISHED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 1011(b)

The petitioning creditors have filed a *Motion for Order
Authorizing Substituted Service* (Dkt. No. 44). The motion asks
this court to authorize alternative service of process on the
debtor in accordance with Fed. R. Civ. P. 4(f)(3), made
applicable to these proceedings by Fed. R. Bankr. P. 7004. The
debtor responds that the motion is moot because he has, at the
petitioning creditors' request, waived service and the
petitioning creditors are bound by that waiver. The debtor
further contends that because he has waived service, he has,
under Fed. R. Civ. P. 4(d)(3), 90 days from the date of waiver to
respond to the involuntary petition. The petitioning creditors
dispute the debtor's assertion of a 90-day response deadline, and

contend that they remain free to pursue alternative service of process.

Rule 4(d)(3) is not made applicable by Fed. R. Bankr. P. 7004(a)(1) to this bankruptcy case. Nevertheless, the debtor has consented to respond to the petition without the necessity of the petitioners making service on him, and specifically has consented to respond within 90 days after he executed the waiver.

The petitioners, however, are free to continue to attempt to make service on the debtor in an attempt to subject him to an earlier deadline to respond to the petition. Even if Rule 4(d)(3) were applicable (which it is not), it would not bar the petitioners' making service of the petition. Neither of the two cases cited by the debtor supports the proposition that once a waiver is executed, a plaintiff is barred from effecting service

of the summons and complaint in a procedurally correct fashion.[1]

Accordingly, the petitioning creditors' motion is not moot. Having reviewed the briefs and the record in this case, the court finds that the petitioning creditors have shown that there is a need for alternative service. The court likewise finds that the proposed service on the debtor by first class mail at 3232 Garfield St. NW, Washington, D.C. 20008; 1250 Eye Street NW, Suite 710, Washington D.C. 20005-5979; and by electronic mail to pierrebarkats@aol.com, is reasonably calculated, under all of the circumstances, to apprise the debtor of these proceedings and of the deadline to respond to the involuntary petition. The court will grant the petitioning creditors' motion accordingly.

---

[1] The petitioners requested a waiver because Fed. R. Civ. P 4(d)(1), made applicable in bankruptcy cases by Fed. R. Bankr. P. 7004(a)(1), authorizes a plaintiff to request a waiver of service. When Rule 7004(a)(1)'s incorporation of Rule 4(d)(1) was originally adopted in 1996, Rule 4(d)(1) read:

> (1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.

In 2007, that language was revised, but not substantively, and moved to Rule 4(d)(5), but Rule 7004(a)(1) was not revised to incorporate Rule 4(d)(5) instead of Rule 4(d)(1).

Accordingly, Rule 4(d)(1), as currently written and dealing with waivers, literally applies. But in bankruptcy cases (because Rule 7004(a)(1) incorporates no other parts of Rule 4(d)) it is an orphan provision devoid of any related rules, like Rules 4(d)(2) and 4(d)(4), setting forth any consequences of a waiver or of a failure to waive. The debtor's executed waiver, however, will be given whatever force is given in litigation to waivers in general.

I.

According to the debtor's attorney, the debtor currently resides in France, and absent waiver, service ought to be made on the debtor in France, at an address previously supplied by the debtor's attorney to the court.  The petitioning creditors, on the other hand, have offered evidence to support a finding that the debtor does not, in fact, have a personal residence or place of business in France that would constitute either a "dwelling house or usual place of abode" or a place "where [he] regularly conducts a business or profession" within the meaning of Fed. R. Bankr. P. 7004(b).  The debtor's only evidence, an affidavit executed in France, was stricken, and the debtor has not offered additional evidence to support his claim to residency in France.

Pursuant to Fed. R. Civ. P. 4(f)(3), made applicable to these proceedings by Fed. R. Bankr. P. 7004, this court may direct the means of service on an individual in a place not within any judicial district of the United States, provided the means of service is not prohibited by international agreement. Service of process by email, when authorized by courts under Fed. R. Civ. P. 4(f)(3), is considered an acceptable means of alternative service under this provision provided it is reasonably calculated to put the individual on notice of the proceedings.  *See In re Int'l Telemedia Assocs., Inc.,* 245 B.R. 713 (Bankr. N.D. Ga. 2000) (authorizing email service under Fed.

4

R. Civ. P. 4(f)(3)); *In re Heckmann Corp. Sec. Litig.*, 2011 WL
5855333 (D. Del. Nov. 22, 2011) (finding it permissible for
courts to authorize email service under Rule 4(f)(3) if such
service is reasonably calculated to put the individual on notice
of the proceedings).

The petitioning creditors have offered evidence that the
debtor has been difficult to locate and that he has taken
affirmative steps to frustrate the petitioning creditors' efforts
at service.  They have also called into legitimate doubt the
debtor's representation that he maintains in France a "dwelling
house or usual place of abode" or a place "where [he] regularly
conducts a business or profession" within the meaning of Fed. R.
Bankr. P. 7004(b) such that the location could serve as an
appropriate address for mailing service of process.

The delay caused by the service dispute in this proceeding
is substantial, and under all of the circumstances, and given
that the debtor has actual notice of these proceedings and is, at
least for limited purposes, represented by counsel in these
proceedings, it is appropriate to authorize alternative service
to bring an end to this dispute.  The court will authorize the
petitioning creditors to serve the debtor by email, with
additional service being made to addresses within the United
States that are the debtor's last known "dwelling house or usual
place of abode" and the last known location where he regularly

5

conducted a business or profession.

The petitioning creditors have shown that the debtor's last known usual place of abode was at 3232 Garfield St. NW, Washington, D.C. 20008.  The petitioning creditors have also shown that the debtor is a member of the Bar of the District of Columbia and maintains a business address with the District of Columbia Bar Association that is here in the District of Columbia, to wit, 1250 Eye Street NW, Suite 710, Washington D.C. 20005-5979.  Finally, the petitioning creditors have offered evidence that the debtor maintains a valid email address at pierrebarkats@aol.com.

The debtor received actual notice of these proceedings more than six months ago, and has appeared through counsel on several occasions to address the service issues that have arisen in this case.  Thus, not only is the alternative proposed means of service reasonably calculated to put the debtor on notice of these proceedings, from a due process standpoint, the court is persuaded that the debtor is *already* on notice of these proceedings.  The notice to which the debtor remains entitled from a due process standpoint, however, is notice that: (a) the court is now authorizing alternative service as set forth in this order; and (b) the applicable 21-day response deadline under Fed. R. Bankr. P. 1011(b) will begin to run once the petitioning

creditors serve the debtor in accordance with this order.[2]

                              II.

    It is

    ORDERED that the petitioning creditors' *Motion for Order Authorizing Substituted Service* is GRANTED.  It is further

    ORDERED that the court authorizes alternative service, and service shall be treated as valid and effective if the petitioning creditors serve the debtor at all three of the following addresses:

        By first class mail:
        3232 Garfield St. NW,
        Washington, D.C. 20008

        By first class mail:
        1250 Eye Street NW, Suite 710
        Washington D.C. 20005-5979

        By electronic transmission:
        pierrebarkats@aol.com


It is further

    ORDERED that the petitioning creditors shall include a copy of this order when serving the debtor.  It is further

    ORDERED that the objection deadline of Fed. R. Bankr. P.

---

    [2]  Even if there is an argument to be made that prior service on the debtor at the 3232 Garfield Street or the 1250 Eye Street address constituted effective service, the petitioners have not sought to prove that, without an order for alternative service, such service was valid.  It would be inappropriate to make an order authorizing alternative service effective retroactively: the debtor is entitled to fair notice that such alternative service has been authorized.

1011(b) shall apply, and the debtor's response to the involuntary petition shall be due within 21 days after service of the summons in accordance with this order.

[Signed and dated above.]

Copies to:
Petitioning Creditors; Recipients of e-notification of filings.