UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                            :
                                                  :
PIERRE PHILIPPE BARKATS,                          :     Case No. 14-00053
                                                  :     Chapter 7
           Debtor                                 :
_____:

## ANSWER TO INVOLUNTARY PETITION

Pierre Philippe Barkats ("Barkats"), by and through his counsel, Cohen, Baldinger & Greenfeld, LLC, files his Answer to the Involuntary Petition (the "Petition") filed by three putative creditors of Barkats: Panagiotis Kalellis; Vladimir Shekoyan; and Laura Zaporojan (collectively, "Petitioners"), and shows this Honorable Court as follows:

The Petitioners filed the Petition on January 30, 2014, asserting they were eligible persons to file an involuntary petition pursuant to Section 303(b) of the United States Bankruptcy Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code"), and that they were entitled to relief against Barkats under that section. For the reasons which follow, Barkats asserts the Petitioners are not eligible to act as petitioning creditors under Section 303(b), and that they are not entitled to entry of an Order for Relief. Accordingly, he requests that the Petition be dismissed.

   A. *Factual Background*

Barkats is an individual and a former resident of the District of Columbia. In or about 2011, Barkats relocated to France, where he now resides. The Petitioners, three former employees of Barkats & Associates, Chartered, a corporation through which Barkats formerly operated a law firm in the District of Columba, filed the Petition on January 30, 2014, alleging they are entitled to involuntary relief against Barkats. In the Petition, they asserted Barkats has a

combination of "business and personal debts," although they listed only five (5) unsecured creditors other than themselves.

Barkats avers that he has more than twelve creditors, and accordingly that the Petition requires three petitioning creditors holding claims which are not contingent as to liability and not subject to a *bona fide* dispute as to liability or amount pursuant to Section 303(b). Barkats submits that the Petitioners' claims are subject to *bona fide* dispute as to liability or amount, and, in the case of Vladimir Shekoyan, contingent claims, and that the Petition should therefore be dismissed.

B. *Section 303(b) of the Bankruptcy Code.*

Pursuant to Bankruptcy Code Section 303(b), an involuntary petition may be filed by three creditors whose claims are non-contingent and are not subject to *bona fide* disputes as to liability or amount. Section 303(b) provides as follows:

> An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount. . .

11 U.S.C. §303(b).

In considering whether a claim is subject to a *bona fide* dispute, "the bankruptcy court must determine whether there is an objective basis for either a factual or a legal dispute . . ." Subway Equipment Leasing Corp. v. Sims (In re Sims), 994 F.2d 210 (5th Cir. 1993). The petitioning creditor has the burden to establish a *prima facie* case that no *bona fide* dispute exists, after which the debtor must present evidence sufficient to rebut the prima facie case, and the court's aim is to "ascertain whether a dispute that is bona fide exists . . . not to actually resolve the dispute." *Id.* (*quoting* Rimell v. Mark Twain Bank (In re Rimell), 946 F.2d 1363, 1365 (8th

Cir. 1991)). *See also* Credit Union Liquidity Servs., L.L.C. v. Green Hills Dev. Co. (In re Green Hills Dev. Co.), *unpubl.* (5th Cir., 2014).

With the Petition, the Petitioners have submitted eighty-six pages of documents[1] they assert support their claims against Barkats, but the documents submitted do not support any reasonable assertion that the Petitioners hold "non-contingent" claims which are not subject to *bona fide* dispute against Barkats. For this reason, the Petition must be dismissed.

   C. *Petitioner Panegiottis Kalellis Does not Appear to be a Creditor of Barkats At All, and in Any Case, his Claim is Subject to a Bona Fide Dispute as to Liability and Amount.*

The first of the Petitioners, Panagiottis Kalellis, appears to hold no claim against Barkats. The Petitioners argue that Kalellis is owed $43,164.03 in "unpaid salary and benefits from December 16, 2010 through April 30, 2011," but the Supporting Documents underlying his claim consist only of W-2s and paystubs from Barkats & Associates, Chartered ("Barkats & Associates"), a District of Columbia corporation through which Barkats formerly operated a law firm in the District of Columbia. (*See* Petition Supporting Documents, pgs 13 to 17). These documents make no reference to Barkats' personal liability: indeed, they seem to show the opposite, that Kalellis was an employee of Barkats & Associates and is owed money by the firm.

Seemingly aware of this, the Petitioners have attached as "Exhibit A" to the Petition a "Marital Settlement Agreement" (the "Agreement") dated April 20, 2012 between Barkats and his former spouse, Rondi K. Walker, which they argue shows Barkats is personally liable for the debts of his business, including Kalellis' salary. The Agreement, they assert, "acknowledges all debts from all business entities and business names [Barkats] has used on occasion as his own obligations." (*See* Petition Supporting Documents, page 2).

---

[1] Page number references to the Petition's supporting documentation (hereinafter, the "Petition Supporting Documents"), are to handwritten numbers in the lower right of each page of such supporting documents.

This is a remarkable coloration to put on the Marital Settlement Agreement, which divides liability between *the spouses* on various debts, requiring each to indemnify the other from such debts.  The Agreement is not between Barkats and the Petitioners; it simply allocates to Barkats (and away from Walker) any potential "liabilities of entities in which Mr. Barkats has an interest," including the salaries of the Petitioners.  Nothing about the Agreement supports an assertion that – beyond any *bona fide* dispute -- Barkats has non-contingent personal liability to Kalellis for salary owed by Barkats & Associates.  Kalellis is neither a party to, nor an intended beneficiary of, the Agreement. *See* Civic Ass'n v. New Town, 944 A.2d 1055 (D.C. 2008) (Stranger to contract cannot avail himself of the exceptional privilege of suing thereunder unless the parties intended the contract for his direct benefit.); Alpine County, California v. United States, 417 F.3d 1366, 1368 (Fed.Cir.2005) (*citing* Anderson v. United States, 344 F.3d 1343, 1352 (Fed.Cir.2003)). ("Third party beneficiary status requires that the contracting parties had an express or implied intention to benefit directly the party claiming such status."

The Agreement does not establish a non-contingent claim, beyond any *bona fide* dispute, that Barkats is liable personally to Kalellis  In reviewing the claim of a petitioning creditor under Section 303(b), the court's inquiry is limited to the existence of a bona fide dispute and does not require resolution of the merits. *See* In re Sims, *supra.* 994 F.2d *at* 210.  The claim of Kalellis appears a salary claim against Barkats & Associates, and at the very least is subject to a *bona fide* dispute exists as to Barkats personal liability.  Kalellis cannot act as a petitioning creditor under Section 303(b).

-4-

D. *The Claims of Petitioners Vladimir Shekoyan and Laura Zaporojan are Also Contingent and Subject of Bona Fide Disputes as to Liability and Amount.*

Although the inability of Kalellis alone to proceed as a petitioning creditor requires dismissal of the Petition, the claims of the other Petitioners are likewise insufficient to permit the Petition to go forward. Both putative claims are subject to *bona fide* disputes and, in the case of Vladimir Shekoyan, may be contingent. Neither claim suffices to permit the Petitioners to proceed under Section 303(b).

Vladimir Shekoyan submits documents purporting to show he is owed $179,554.05 in salary and compensation from Barkats & Associates, and for the reasons indicated above, Barkats submits this claim cannot justify him acting as a petitioning creditor. Shekoyan also asserts, however, that he is owed $64,294.64 for certain "personal loans and/or expenses paid for and at the request of Mr. Barkats," including alleged wire transfers, payments for medicine and other items, and payments for medical treatments of Barkats' spouse (*See* Petition Supporting Documents, pgs. 21-22). Accompanying the Petition, Shekoyan submits a ledger apparently showing his alleged advances, but no other documents in support of this portion of his claim.[2]

Assuming Shekoyan has documentation to support this ledger of expenses, there is no evidence showing his right to repayment is "non-contingent," such that he should be permitted to serve as a petitioning creditor under Section 303(b). A claim is "contingent" for purposes of Section 303(b) until a plaintiff "could have maintained an action or, stated otherwise, when he would be entitled to institute a judicial proceeding for enforcement of his rights. . ." <u>In re Taylor & Associates, LP</u>, 193 BR 465 (Bankr. E.D. Tenn., 1996). In the present case, Shekoyan and other Petitioners filed the Petition, rather than seeking any adjudication of their claims in a state

---

[2] Shekoyan has submitted a proof of claim in the case adding voluminous banking records and other documents concerning his alleged claims, but none of the submitted documents references any promise by Barkats to repay any amount or any terms for such repayment.

or Federal court, and they have submitted no evidence that Barkats is currently obligated to repay their claims. Accordingly, Shekoyan has failed to carry his *prima facie* burden to show a non-contingent claim, which is subject to no *bona fide* dispute by Barkats. He is not entitled to serve as a petitioning creditor under Section 303(b).

The claims of Laura Zaporojan, the third Petitioner, are even less well-documented. The documents submitted by Zaporojan (*See* Petition Supporting Documents, pgs. 23-29) consist of what appear to be her statement that she worked "as an employee/independent contractor . . . at the agreed rate of $4,000.00/month plus expenses plus bonuses." (Page 24), and various emails concerning her request for payment from Barkats. She does not indicate whether she worked for Barkats individually or for Barkats & Associates. In her supporting series of emails, moreover, she acknowledges she has no written agreement concerning the alleged obligation, and she and Barkats specifically *dispute* the amount Barkats allegedly owes her -- Barkats stating it is $24,000.00 and she claiming $36,000.00. Barkats submits that her claim is subject to bona fide dispute as to liability and amount, preventing her from serving as a Petitioner in this case.

WHEREFORE, for the foregoing reasons, Barkats respectfully prays the Court dismiss the Petition, casting all costs against the Petitioners, and that it grant such other relief as it finds just and proper.

COHEN, BALDINGER & GREENFELD, LLC

_____/s/_Augustus T. Curtis_____
Merrill Cohen, Esq. (Bar No. 381169)
Augustus T. Curtis, Esq. (Bar No. 993228)
2600 Tower Oaks Boulevard, Suite 103
Rockville, MD 20852
(301) 881-8300
Attorney for Pierre P. Barkats

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Answer was served, this 30th day of September, 2014, via United States Mail, postage prepaid on: Panagiotis Kalellis, 1308 Clifton Street, NW, #207, Washington, DC 20009; Vladimir Shekoyan, 5204 45th Street, NW, #B, Washington, DC 20015; Laura Zaporojan, 527 E. 78th Street, #3D, New York, NY 10025; Wendell W. Webster, Trustee, 1775 K Street, NW, Suite 600, Washington, DC 20006; and the Office of the United States Trustee, 1115 South Union Street, Suite 210, Plaza Level, Alexandria, VA 22314.


                                                  __/s/Augustus T. Curtis_____
                                                  Augustus T. Curtis