The document below is hereby signed.

Signed: November 17, 2014



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
PIERRE PHILIPPE BARKATS,        )   Case No. 14-00053
                               )   (Chapter 7)
              Debtor.           )   Not for publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER REGARDING
PETITIONERS' MOTION TITLED REQUEST PURSUANT TO 11 U.S.C. 303(g)

The involuntary petition commencing this case was filed on January 30, 2014. The debtor has answered the petition, but the court has not yet ruled whether an order for relief should be granted, and a trial will not be held before February, 2015. In the meantime, the petitioners have filed a *Request Pursuant to 11 U.S.C. 303(g)* seeking the appointment of a trustee "to take possession of the property of the estate and to operate any business of the debtor."

I

The petitioners allege:

1. Movants believe that Debtor will attempt various dilatory tactics and will simultaneously attempt to cause derogation of creditors' rights or diminution of the Estate as in the past in various litigations and other proceedings, Debtor has

      conducted himself in this manner; and

2.    The bulk, if not the totality, of the Estate is comprised of real estate (and valuable contents) of a home located at 3232 Garfield St. NW in Washington, DC, ownership whereof is presently the subject of litigation in other courts and therefore may be vulnerable to legal disability, even by later-accrued debts.

Panagiotis J. Kalellis's reply declaration filed November 10, 2014, refers to the Garfield Street real property as the asset "which the creditors believe may be the sole available asset of the Debtor."

    For reasons that follow, the request to appoint a trustee shall be denied without prejudice to renewal.

## II

    The petitioners have painted the debtor as an individual who has lied to them regarding his ability to pay them, and who has avoided paying his debts owed to them. That is not enough to warrant appointing a trustee prior to the entry of an order for relief. In addition, the petitioners raise concerns regarding the debtor's handling of the Garfield Street real property. That property has been the subject of litigation in *Rondi K. Walker v. Pierre Barkats*, Docket No. 2010-DRB-3149 in the Domestic Relations Branch of the Superior Court of the District of

Columbia.  In an order filed on February 7, 2014,[1] the Superior Court recited the procedural history of the action as follows:

> On November 15, 2013, this Court issued a final Order granting the Plaintiff's Motion for Entry of Order.  On November 19, 2013, the Defendant noted an appeal to the District of Columbia Court of Appeals, and a Motion for Stay of Judgment.  This Court granted the request and stayed its judgment of November 15, 2013.  On December 2, 2013, the Plaintiff filed a Rule 59 Motion to Alter and Amend the Court's Order Dated November 15, 2013,  and on December 5, 2013 the Plaintiff filed a second Motion to Alter or Amend.  This Court issued an order on January 9, 2014 indicating its intent to grant relief upon remand, and appellee, Ms. Walker, subsequently filed her Motion to Remand.  On January 24, 2014, the District of Columbia Court of Appeals issued the mandate and remanded the case to the Superior Court.

The Superior Court noted its intent "to ensure that the Defendant shall be fully compensated for his interest in the marital home in the amount of $557,000, his entire interest in the property pursuant to the parties' Marital Settlement Agreement."  The Superior Court's order then:

> ORDERED that the Plaintiff may maintain rather than satisfy loans as necessary to exercise her option to purchase the Defendant's interest in the former marital home.

It further:

> ORDERED that the Defendant shall execute all documents necessary to complete the conveyance of the former marital home to the Plaintiff within five business days

---

[1]  The petitioners' *Motion for Judicial Notice and for Order Staying Transfer of Assets* (Dkt. No. 33) (which sought an order restraining the Superior Court of the District of Columbia, and intervention by this court in the Superior Court) included a declaration that attached that order.  They have not supplied a copy of the November 15, 2013 order of the Superior Court.

of receipt of this Order.

On February 27, 2014, the debtor filed a notice of appeal from the Superior Court's order of February 7, 2014.  The debtor sought a stay pending appeal of the order of February 7, 2014.  The petitioners do not dispute that a stay has been granted pending the appeal of the February 7, 2014 order of the Superior Court.

### III

There is, of course, an issue regarding whether the automatic stay of 11 U.S.C. § 362(a)(1), which arose upon the filing of the involuntary petition, barred the continuation of the litigation in the Superior Court, so that the order of February 7, 2014, is void.  Under 11 U.S.C. § 362(b)(2)(A)(iv), the filing of a petition does not act as an automatic stay under § 362(a) of a civil action "for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate."  It appears likely that this exception to the automatic stay did not apply to the continuation of the litigation to the extent that it determined the division of the Garfield Street real property, and specifically did not apply to the order directing the debtor to "execute all documents necessary to complete the conveyance of the former marital home to the Plaintiff."  Accordingly, that directive is likely void, and, indeed, the debtor and Dr. Walker

4

are likely barred by the automatic stay from continued litigation of the appeal from that order.[2]  Unless and until the automatic stay is lifted, it appears that the petitioners are not in any danger regarding the debtor's handling of the litigation in the District of Columbia courts.  Even if the stay is inapplicable or is lifted, however, the petitioners have not shown cause to appoint a trustee.

                                IV

Appointment of a trustee is reserved for those involuntary cases in which a substantial risk of loss to the estate is demonstrated.  *See, e.g., In re Alpine Lumber & Nursery*, 13 B.R. 977, 979 (Bankr. D. Cal. 1981); *In re Prof'l Accountants Referral Servs., Inc.*, 142 B.R. 424 (Bankr. D. Colo. 1992).  The circumstances here do not establish a substantial risk of loss to the estate.

                                A.

The petitioners appear to seek the appointment of a trustee to assure that the debtor's interest in the Garfield Street real property will not be dissipated by the debtor.  However, the

---

[2]  This court having flagged the automatic stay issue, it is likely that the court will see a motion for relief from, or annulment of, the automatic stay to permit the litigation in the Superior Court of the District of Columbia and in the Court of Appeals of the District of Columbia to proceed, or a motion to decree that the automatic stay did not apply.  In turn, those local courts are likely to stay their proceedings until the motion regarding the automatic stay has been adjudicated.

                                5

pendency of the Superior Court proceeding prevents the debtor's disposing of his interest in the property to a third party if a notice of lis pendens was filed under D.C. Code § 42-1207.  In any event, the petitioners could file a copy of the petition in order to obtain the protections accorded by 11 U.S.C. § 549 with respect to a transfer by the debtor of his interest in the property (including transfers that were for satisfaction or securing of a debt that arose before the commencement of the

case).[3]  Moreover, if the debtor disposed of his interest in the property to a third party, the debtor would likely be in contempt

---

[3] In relevant part, 11 U.S.C. § 549 provides:

    (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate--

        (1) that occurs after the commencement of the case; and

        (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

        (B) that is not authorized under this title or by the court.

    (b) In an involuntary case, the trustee may not avoid under subsection (a) of this section a transfer made after the commencement of such case but before the order for relief to the extent any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, is given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.

    (c) The trustee may not avoid under subsection (a) of this section a transfer of an interest in real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of an interest in such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such real property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to such interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.

of the Superior Court's order entitling Dr. Walker to a conveyance of the debtor's interest in the property to her.

B.

The petitioners also appear to have a concern that the District of Columbia courts may enter orders (or already have entered orders) regarding the division of the Garfield Street real property between the debtor and Dr. Walker that will adversely affect them as creditors of the debtor. In that regard, the petitioners appear to seek the appointment of a trustee so that a trustee may intervene in the local courts' proceedings in which the debtor's interest in the Garfield Street real property is being adjudicated. The petitioners have failed to articulate sufficient reasons why such intervention of a trustee in the District of Columbia's court proceedings is necessary, prior to adjudication of the involuntary petition, to protect the estate from the loss of the debtor's interest in the Garfield Street real property.

First, if the order of February 7, 2014, *is void*, the status quo appears to be that the order of November 15, 2013, remains in place, but with the action remanded by the Court of Appeals to the Superior Court to consider Dr. Walker's motion to revise that order. The November 15, 2013 order was stayed pending the appeal, and presumably remains stayed or would be stayed until the Superior Court has disposed of the motion to revise the order

8

(because, after all, the Superior Court already stayed the order of November 15, 2013, pending the appeal to the Court of Appeals), and, in any event, the enforcement of the November 15, 2013 order would be barred by the automatic stay if the automatic stay applies to the Superior Court's disposition of the Garfield Street real property.  The petitioners have not addressed why, with the November 15, 2013 order stayed, and with the order of February 7, 2014, treated as void, they would need the appointment of a trustee.  In any event, the petitioners failed to allege the terms of the November 15, 2013 order, so there is no way to tell whether its terms are harmful to them.

   Second, if the order of February 7, 2014, *is not void*, the petitioners have not adequately explained why the appointment of a trustee is necessary.  In their replies to the opposition of the debtor to their motion for the appointment of a trustee, the petitioners have not disputed the representation of the debtor, through counsel, that the order of February 7, 2014, has been stayed pending appeal.  Until the appeal is resolved, the debtor is not in a position to deal with the property that he has been ordered to convey to Dr. Walker.  And until the appeal is resolved, the debtor will not have received any compensation incident to the conveyance of the property to Dr. Walker.  The petitioners have not addressed the status of the appeal in the Court of Appeals.  It may well be that the involuntary petition

9

will be adjudicated before the Court of Appeals has ruled. Without the petitioners providing greater detail in that regard, it is premature to address appointing a trustee.

In any event, the papers the petitioners have filed from the litigation in the Superior Court demonstrate that the debtor has been fighting with Dr. Walker in that litigation, and there is no hint of collusion between the debtor and Dr. Walker to engage in a property division whose purpose is to deprive the debtor's creditors of a source for collecting their debts.  Indeed, the amount that Dr. Walker would have to pay the debtor appears to vastly exceed the debts owed to the petitioners.

But what happens once the funds are paid to the debtor?  The provisions of 11 U.S.C. § 549(a) and (b) would authorize the trustee appointed after entry of an order for relief to pursue an avoidance of any transfer the debtor made of any of the funds received from Dr. Walker that was not a transfer for value (or that was a transfer for satisfaction or securing of a debt that arose before the commencement of the case).  Theoretically, the debtor could abscond with the funds, but the petitioners have not shown we are close to the point that the property will be sold. Nor have the petitioners briefed why pointing to such a theoretical event would suffice alone to establish a risk of substantial loss to the estate.

V

For all of these reasons, it is

ORDERED that the motion is denied without prejudice.

[Signed and dated above.]

Copies to: Petitioning creditors; recipients of e-notification of filings.