The document below is hereby signed.

Signed: February 9, 2015



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PIERRE PHILIPPE BARKATS, | ) | Case No. 14-00053 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter.** |

MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS

The debtor moves to dismiss this case on the basis that he has paid off two of the four petitioning creditors' claims and that this thus leaves an insufficient number of petitioning creditors pursuant to 11 U.S.C. § 303(b)(1), which requires three or more petitioning creditors where a debtor has 12 or more creditors.  The motion must be dismissed because a debtor may not pay off petitioning creditors to the detriment of other creditors as a way of avoiding an involuntary petition.

I

Under the Bankruptcy Act, the payment of a petitioner's

claims did not establish grounds for dismissing an involuntary petition. As the court stated in *J. W. Ward Farming Co. v. Lowery (In re J. W. Ward Farming Co.)*, 295 F. 60, 62 (5th Cir. 1924):

> [W]e are not of opinion that the power of the court to proceed to an adjudication is destroyed by the alleged bankrupt paying, after the filing of the petition, the debt owing to one of several petitioning creditors. It is incompatible with the rights acquired by the other petitioning creditors by their joining in the petition for the alleged bankrupt to have the power, without notice to such creditors or action by the court, to halt the proceeding or deprive it of life by reason of paying or satisfying, after the filing of the petition, the debt owing to one of the petitioning creditors.

*See also Reed v. Thornton*, 43 F.2d 813, 813 (9th Cir. 1930). Even where the petitioner who was paid then sought to withdraw, the courts did not allow such a withdrawal based merely on the debt being paid. *See Sheehan & Egan v. North Eastern Shoe Co.*, 47 F.2d 487, 489 (1st Cir. 1931) (stating that "an original petitioner, or one who has intervened and been permitted to join, cannot be allowed to withdraw to defeat the petition, against the objection of his copetitioners" (internal citations omitted)).

The rationale of those decisions has continued to apply under the Bankruptcy Code. As discussed in *In re Antar*, No. 12-13288-AJC, 2013 WL 1622217, at *6 (Bankr. S.D. Fla. Apr. 15, 2013):

> [A] subsequent withdrawal by one petitioning creditor does not render an involuntary petition insufficient for not having the requisite number of creditors. *In re Carvalho Industries, Inc.*, 68 B.R. 254, 256 (Bankr. D.

2

Or. 1986) (denying debtor's motion for dismissal or summary judgment after a petitioning creditor withdrew due to a settlement with the debtor, where the debtor did not contend that the petitioners were ineligible to be petitioning creditors for any reason other than post-petition payment or settlement); *In re Faberge Restaurant of Florida, Inc.*, 222 B.R. 385 (Bankr. S.D. Fla. 1997)("[i]t is well settled that the fact that a creditor is paid post-petition and withdraws his joinder in an involuntary case does not render the petition insufficient for lack of sufficient number of eligible creditors under § 303(b)(l).") (quoting *In re Sjostedt*, 57 B.R. 117, 120 (Bankr. M.D. Fla. 1986)); *In re Claxton*, 21 B.R. 905, 908-09 (Bankr. E.D. Va. 1982) (determining the sufficiency of the involuntary petition by looking only to the petitioners' status as creditors on the date the original petition was filed, and further stating that "[i]mportant policy considerations underlie this rule, which is aimed at avoiding collusion between petitioners and the debtor.  An involuntary petition protects all creditors of the debtor, not only those presently before the court.") (citing *In re All Media Properties, Inc.*, 5 B.R. 126, at 144–145 (Bankr. S.D. Tex. 1980), *aff'd*, 646 F.2d 193 (5th Cir. 1981)); *Sheehan & Egan, Inc. v. North Eastern Shoe Co.*, 47 F.2d 487, 489 (1st Cir. 1931) ("Who are outstanding creditors and their number is to be determined as of the date of the filing of the petition." A creditor's settlement of his claim against the debtor after the petition was filed was immaterial); *In re Key Auto Liquidation Ctr., Inc.*, 372 B.R. 74, 78 (Bankr. N.D. Fla. 2007) ("[A]n alleged debtor cannot avoid an order for relief by paying creditors post-petition.") (citing *In re Faberge Restaurant of Florida, Inc.*, 222 B.R. at 388); *In re All Media Properties, Inc.*, 5 B.R. 126, 144-45 (Bankr. S.D. Tex. 1980) ("[T]o deny relief simply because the debtor brings some of his debts current after the petition is filed would deprive other creditors, who remain unpaid, of the protective provisions afforded creditors under the Code.").

In furtherance of this well-settled principle, it is widely recognized that a court may even *refuse* a petitioning creditor's withdrawal if to do so would defeat the involuntary petition.  *In re Mollen Drilling Co., Inc.*, 68 B.R. 840, 842-843 (Bankr. D. Mont. 1987); *In re Elsub Corporation*, 70 B.R. 797, 809 (Bankr. D.N.J. 1987) ("[c]ourts have held as a general rule that if a creditor is an eligible petitioning creditor, that

3

creditor cannot withdraw if its withdrawal would result in the defeat of the involuntary petition."); *Sheehan & Egan, Inc. v. North Eastern Shoe Co.*, 47 F.2d 487 (1st Cir. 1931); *In re Ross*, 63 B.R. 951, 962 (Bankr. S.D.N.Y. 1986); *In re Claxton*, 21 B.R. 905 (Bankr. E.D. Va. 1982); 2, *Colliers on Bankruptcy* § 303.37(3) (15th Ed.1986)). *See also In re Braten*, 99 B.R. 579, 582 (Bankr. S.D.N.Y. 1989).

In *Liberty Tool & Mfg. v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.)*, 277 F.3d 1057, 1065-66 (9th Cir. 2002), special circumstances warranted an exception to these general rules such as to permit a petitioner to withdraw. Barkats has not alleged special circumstances, and thus *Vortex Fishing* does not apply. *See In re Carvalho Indus., Inc.*, 68 B.R. 254, 256 (Bkrtcy. D. Or. 1986); *In re Faberge Restaurant of Florida, Inc.*, 222 B.R. 385, 388 (Bankr. S. D. Fla. 1997). Besides, none of the petitioners has sought to withdraw. Therefore, Barkats's motion to dismiss must be denied.

## II

Additionally, it appears that Barkats's motion to dismiss is premature. The current petitioning creditors could not have known until recently that the numerosity requirement of § 303(b)(1) applied to this case, because the debtor did not file his list of creditors until December 16, 2014, more than 10 months after the involuntary petition was filed. As Barkats describes in his motion to dismiss, he recently filed a sworn statement listing 19 creditors (see Dkt. No. 101). Of those 19 creditors, Barkats lists 15 that hold claims that he admits are

4

not subject to a *bona fide* dispute and are not contingent as to liability.  Bankruptcy Rule 1003 provides for a reasonable waiting period after the debtor files his list of creditors to allow additional creditors the opportunity to join as petitioning creditors.  I do not believe that reasonable period has yet expired.  It is possible that one or two[1] or more of those 15 creditors may seek to join the petition as additional petitioning creditors.  If so, the debtor will no longer be able to forestall the entry of an order for relief by complaining that there are insufficient eligible petitioning creditors.[2]

                                III

   For the reasons stated herein, it is

   ORDERED that the debtor's motion to dismiss (Dkt. No. 121) is DENIED.

                                         [Signed and dated above.]

Copies to: Petitioning creditors; recipients of e-notification of filings.

---

   [1]  At this point in time, it is not entirely clear how many of the four current petitioning creditors hold noncontingent claims not subject to a *bona fide* dispute, and as a result, it is unclear how many of the 15 undisputed, noncontingent creditors would need to join as petitioning creditors in order to meet the "three petitioning creditors" requirement of § 303(b)(1).

   [2]  The joining of additional petitioning creditors from the debtor's list of 15 may also have an impact, favorable to the petitioners, on the outcome of other pending motions including Barkats's motion to compel the petitioners to post a bond and the petitioners' motion to reopen discovery.