The document below is hereby signed.

Signed: July 8, 2015



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PIERRE PHILIPPE BARKATS, | ) | Case No. 14-00053 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE MOTION FOR SUMMARY JUDGMENT

The petitioners are pursuing an involuntary petition under 11 U.S.C. § 303 against the debtor, Pierre Philippe Barkats, and have moved for summary judgment.  They are entitled to prevail on their motion if they have shown (a) that each of three or more petitioners has an unsecured claim against Barkats that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount; (b) that those claims, if unsecured, aggregate at least $15,325; and (c) that as of the petition date of January 30, 2014, Barkats was generally not paying those of his debts that were not subject to bona fide dispute as to liability or amount as they became due.  11 U.S.C. §§ 303(b)(1)

and 303(h)(1).   Barkats has opposed the motion.

I

THREE PETITIONERS HOLD CLAIMS THAT ARE NOT CONTINGENT AS TO LIABILITY, THAT ARE NOT THE SUBJECT OF A BONA FIDE DISPUTE AS TO LIABILITY OR AMOUNT, AND THAT AGGREGATE IN EXCESS OF $15,325

<u>Claim of Vladimir Shekoyan</u>.  Barkats has admitted that he asked Vladimir Shekoyan to pay for the medical and travel expenses of Rondi Walker, M.D. and others, in order for her to check into the hospital known as Silver Hill in New Canaan, Connecticut, because Barkats claimed that he could not advance that money since he was in Europe, but that if Shekoyan advanced it Barkats would reimburse Shekoyan.  In opposing the motion for summary judgment, Barkats states "At no time has creditor Shekoyan produce any signed promissory notes that would obligate Barkats to pay monies allegedly expended on behalf of Barkatss' wife."  Shekoyan's proof of claim, executed under penalty of perjury, details $34,000 in payments of expenses that Shekoyan made to Silver Hill Hospital at the request of Barkats for the treatment of Barkats's wife.  The lack of a promissory note does not establish a bona fide dispute as to the existence of this debt.  While Barkats questions the validity of other claims asserted by Shekoyan, that does not establish a bona fide dispute as to the liability for this debt or the amount of the debt.

<u>Claim of Allen Roberts, CPA</u>.  One of the petitioners (by way of intervention) is Allen Roberts, CPA.  In his list of

creditors, Barkats concedes that he owes a debt of $24,770.81 to this creditor that is neither contingent nor subject to bona fide dispute as to liability or amount.

<u>Claim of Mark Mills</u>.  One of the petitioners (by way of intervention) is Mark Mills.  Barkats has conceded that Mills lent him money and that he (Barkats) promised to pay Mills repeatedly and gave him various dates at which he would pay Mills, but that he did not do so.  Barkats states, "Since this action was filed, Debtor has paid monies to creditors Mills and Kalellis in amounts consistent with their claims . . . ."  Opp. ¶ 17.  As this court ruled in a Memorandum Decision of February 9, 2015, Barkats's payment of the claims of petitioning creditors after the commencement of the bankruptcy case does not eliminate those creditors as petitioners in the case.  Accordingly, Mills's claim counts as a claim that is not subject to a bona fide dispute and that is not contingent as to liability or amount.

The foregoing three claims are not secured by any liens against the property of Barkats, and they aggregate in excess of $15,325.  Accordingly, the requirements of § 303(b)(1) have been met.

II

BARKATS IS GENERALLY NOT PAYING HIS DEBTS AS THEY COME DUE

Barkats filed a list of creditors which included many who

hold significant claims that he listed as not contingent as to liability and not in dispute, and that were incurred months before the commencement of this case.  These include, for example, a judgment of $788,937.00 for amounts owed three creditors with interest accruing since October 15, 2010; a judgment entered on October 31, 2013, for $59,614.65 owed to BB&T; a $932 car rental charge past due since October 19, 2013; a claim for legal services based on an invoice dated May 16, 2013; and a claim of $70,000 for an extended stay at a hotel in Paris, France.  In addition, there are the claims of Shekoyan, Roberts, and Mills discussed above that the debtor committed to pay but failed to pay.  The debtor does not contend that he is generally paying his undisputed and noncontingent debts as they come due.  The petitioners have established that Barkats is generally not paying his debts as they come due within the meaning of § 303(h)(1).

### III

The petitioners have shown that the petition is authorized to be pursued under § 303(b)(1) and that they are entitled to the entry of an order for relief under § 303(h)(1).  An order follows.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings;

Panagiotis Kalellis
1308 Clifton Street, NW
#207
Washington, DC 20009-7030

Vladimir Shekoyan
5204 45th Street, NW
#B
Washington, DC 20015-2104

Allan E. Roberts
5530 Wisconsin Avenue
Suite 1100
Chevy Chase, MD 20815-4330

Laura Zaporojan
527 E. 78th Street
#3D
New York, NY 10075-1147

Mark J. Mills
6702 Offutt Lane
Chevy Chase, MD 20815-6407

Michelle Etlin
5901 Montrose Road
Suite N-306
Rockville, MD 20852-4728

Pierre Philippe Barkats
54 Avenue Victor Hugo
75116 Paris, France

Electronic mail transmission by the clerk to the debtor at:
pierrebarkats@aol.com