The document below is hereby signed.

Signed: November 20, 2018



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PIERRE PHILIPPE BARKATS, | ) | Case No. 14-00053 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING MOTION FOR AUTHORITY TO SELL PROPERTY
OF THE BANKRUPTCY ESTATE AND CO-OWNER FREE AND CLEAR OF
ANY AND ALL LIENS PURSUANT TO § 363 OF THE BANKRUPTCY CODE

The Chapter 7 trustee's *Motion for Authority to Sell Property of the Bankruptcy Estate and Co-Owner Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C. § 363* (Dkt. No. 292) seeks to sell certain real property and improvements owned by the debtor and Dr. Rondi Walker located at 3241 Woodland Drive, NW, Washington, D.C. 20008, previously known as 3232 Garfield Street, NW, free and clear of liens. The trustee has not shown that 11 U.S.C. § 363(f) authorizes the sale to be made free and clear of liens.

For reasons stated at the hearing of November 15, 2018, the court concluded that the liens against the property are not in bona fide dispute. Accordingly, 11 U.S.C. § 363(f)(4)

(authorizing a sale free and clear of a lien if the lien is in bona fide dispute) is not a basis for authorizing the sale to be made free and clear of liens.

Nor has the trustee shown that the sale can be authorized to be free and clear of liens under 11 U.S.C. § 363(f)(3) (permitting s a sale free and clear of liens if "the price at which such property is to be sold is **greater than** the aggregate value of all liens on such property" (emphasis added)).  The liens against the debtor's interest in the property exceed whatever would be the value of those liens if that value is measured by the value attributable to the debtor's interest under the proposed sale.  In other words, the debtor's interest in the property would not be sold at a price **greater than** such value of the liens on the property.  Accordingly, § 363(f)(3) does not apply.  *See Criimi Mae Servs. Ltd. P'ship v. WDH Howell, LLC (In re WDH Howell, LLC)*, 298 B.R. 527, 532-34 (D.N.J. 2003).

The trustee has not shown that the sale can be made free and clear of liens under any other part of 11 U.S.C. § 363(f).

It is thus

ORDERED that the Chapter 7 Trustee's *Motion for Authority to Sell Property of the Bankruptcy Estate and Co-Owner Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C. § 363* (Dkt. No. 292) is DENIED.

                                                    [Signed and dated above.]

Copies to: ECF recipients

Copies to: ECF recipients