The document below is hereby signed.

Signed: February 4, 2019



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PIERRE PHILIPPE BARKATS, | ) | Case No. 14-00053 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

## MEMORANDUM DECISION RE TRUSTEE'S APPLICATION TO EMPLOY NEW BROKER

One issue in deciding whether to grant the application of Wendell W. Webster, the trustee under Chapter 7 of the Bankruptcy Code in this case, to employ Corey Burr as Webster's exclusive broker to sell certain real property (and to grant a motion filed in Adversary Proceeding No. 18-10021 to approve a settlement calling for the trustee to employ Burr) is whether the listing agreement with Nancy Itteilag as Webster's exclusive broker continues in place. For the reasons stated below, that listing agreement will not stand in place if the court approves the employment of Burr.

Pursuant to the _Memorandum Decision and Order Denying Motion for Authority to Sell Property of the Bankruptcy Estate and Co-owner Free and Clear of Any and All Liens Pursuant to § 363 of_

*the Bankruptcy Code* (Dkt. No. 319 entered on November 20, 2018), the court denied the *Motion for Authority to Sell Property of the Bankruptcy Estate and Co-Owner Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C. § 363* (Dkt. No. 292) filed by Webster.  The *Motion* addressed a proposed sale of the property at issue to Soleiman Askarinam for $2.85 million pursuant to a contract procured by Itteilag.  The denial of the *Motion* constituted a final disposition of the proposed sales contract.

The judgment lien creditors who successfully objected to the sale have entered into an agreement with Webster whereby a new broker, Corey Burr, will market the property, and have agreed that after 120 days, if no higher and better offer is obtained, Webster may sell the property, subject to court approval, for a price equal to or in excess of $2.85 million (including pursuant to a sale contract with Askarinam on the exact same terms as the sale contract disapproved by the court).  The court heard the motion to approve that agreement in Adversary Proceeding No. 18-10021 on February 1, 2019.

 The listing agreement with Nancy Itteilag, which gave her the exclusive right as broker to sell the property, provided:

> If a Sales Contract is ratified before this Agreement expires, providing for settlement beyond the Listing Period, the terms hereof shall be extended automatically until final disposition of the Sales Contract.

Various parties take the position that the sale contract with

Askarinam is still a contract in place and is subject to approval by the court.  Pursuant to an investigation being pursued under Fed. R. Bankr. P. 2004 of the judgment lien creditors' claim, they hope to demonstrate that, within the meaning of 11 U.S.C. § 363(f)(4), "such interest is in bona fide dispute."  This would allow Webster to sell the property free and clear of their lien.  However, the court's denial on November 20, 2018, of the *Motion* seeking approval of the proposed sale to Askarinam constituted a final disposition of the proposed sales contract.  Webster has not ratified a contract with Askarinam anew.

The listing agreement period for Itteilag to serve as a broker has thus come to an end unless Webster has agreed to extend the period.  Itteilag has continued to show the property (perhaps with the acquiescence of Webster, with the listing agreement to remain in place until Webster is no longer willing to have the listing agreement remain in place).  However, pursuant to Webster's agreement with the judgment lien creditors, an agreement being approved by the court in Adversary Proceeding No. 18-10021, Webster has made clear that he no longer wishes Itteilag to have the exclusive right to act as the broker regarding selling the property, and that he has agreed to employ Burr as the broker with the exclusive right to sell the property (subject to court approval of the sale).

The parties opposing the employment of Burr presented no

3

evidence at the hearing of February 1, 2019, on Webster's motion
to approve the settlement with the judgment lien creditors,
establishing that the period of Itteilag's listing agreement will
not be at an end upon Webster employing Burr.  The listing
agreement will be terminated by Webster upon his employing Burr
as a new exclusive broker (even if the listing agreement remains
in place until employment of Burr is approved).

In sum, the listing agreement with Itteilag is not a reason
to deny the motion to approve the settlement agreement with the
judgment lien creditors or the application to employ Burr
because:

1.   There has been a final disposition as of November
20, 2018, of the contract, ratified by Webster, to sell the
real property at issue to Askarinam.

2.   The ratified contract with Askarinam, having been
the subject of a final disposition, does not keep the
listing agreement with Itteilag in place, and nothing else
prevents Webster from treating that listing agreement as at
an end.

3.   The listing agreement with Itteilag will stand
terminated effective upon the court's authorizing Webster's
employment of Burr as Webster's exclusive broker (if the
listing agreement did not end already at an earlier date).
An order follows in Adversary Proceeding No. 18-10021 granting

4

Webster's motion to approve the settlement with the judgment lien
creditors and an order follows in this case authorizing Webster
to employ Burr as his exclusive broker.

[Signed and dated above.]

Copies to: ECF recipients;

Mark J. Mills, JD, MD
8300 Wisconsin Ave., #349
Bethesda, MD 20814
[By hand-mailing by Clerk]