The document below is hereby signed.

Signed: April 18, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PIERRE PHILIPPE BARKATS, | ) | Case No. 14-00053 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE MOTION FOR CASE PROGRESS
HEARING PURSUANT TO SECTION 704(a)(1) AND FOR RELATED RELIEF

Michelle Etlin (assignee of the claim of one of the petitioning creditors) has filed a motion titled *Motion for Case Progress Hearing Pursuant to Section 704(a)(1) and for Related Just and Proper Relief* ("*Motion*"). As evidenced by the proposed order submitted with the *Motion*, the *Motion* seeks to hold a hearing at which Etlin will request (1) to have the trustee reimburse the petitioning creditors $550 in costs associated with hiring an appraiser, and (2) to have the court order the trustee to conduct certain Rule 2004 examinations.

I

The trustee has responded that he "has no objection to the treatment of the unsecured creditors' claim for reimbursement of appraisal costs as an administrative expense in this case." But

the request to reimburse the petitioning creditors for that administrative expense must be denied. Despite the assignment of a petitioning creditor's prepetition claim to Etlin, Etlin is not one of the petitioning creditors and does not allege that she incurred a claim postpetition for which reimbursement is sought. Only those entities that hold a claim for reimbursement may pursue such a claim. In other words, Etlin lacks standing to seek reimbursement on behalf of the petitioning creditors. In any event, the trustee has not yet achieved a sale of the only significant asset in this case, certain real property (the "Property") in which the estate, standing in the debtor's shoes, has an interest and in which the debtor's former wife, Dr. Walker, also has an interest. The payment of administrative expenses should await the conclusion of the trustee's efforts to sell the Property and the filing of a final report so that all administrative claimants are paid at the same time.

II

The court will not order the trustee to conduct the requested Rule 2004 examinations. At this juncture, it is unclear when a sale of the Property will be achieved, and whether administrative claims will be paid in full. As the *Motion* recognizes, conducting Rule 2004 examinations is expensive. It is a question of judgment as to how extensively the trustee should investigate matters in the case. The *Motion* fails to make

a showing warranting my interfering with the trustee's exercise of his business judgment regarding whether and how to proceed with investigations in this case.

First, as to Dr. Walker and her knowledge of assets of the debtor, including items of personal property, if any, that he left at the Property, the trustee is free to make inquiries short of a Rule 2004 examination (*e.g.*, having her provide a detailed affidavit as to her knowledge in that regard, which might demonstrate that a Rule 2004 examination would be fruitless).

Second, as to Democracy Federal Bank, the issue of how much it is owed can be addressed incident to requesting information incident to deciding the amount to which it is entitled pursuant to a sale.

Third, as to Rebecca Israel, a real estate agent with whom the property was listed *prepetition*, I fail to see what useful information pertinent to the trustee's administration of the estate could be gathered through an examination of her.

Fourth, as to Zahir Seghir, identified as a qualified purchaser of the Property who is acting on behalf of the debtor, the *Motion* provides no address for that individual (who may reside in France), and if Seghir, acting for the debtor, makes a bid on the Property worthy of consideration by the trustee, then inquiry of her might be pertinent, but not necessarily via a Rule 2004 examination.  The *Motion* is entirely speculative as to her

having any knowledge regarding assets held by the debtor five years ago in 2014 when this case was filed (such as to be property of the estate) and regarding the so-called Ingram lien incurred prepetition. As to non-estate assets held by the debtor, that may be of interest to Etlin because the debtor has been denied a discharge, but such non-estate assets are not germane to the administration of the estate. Etlin can pursue recovery of a judgment against the debtor (if she has not already recovered one) and may pursue collection in accordance with non-bankruptcy law. What is clear is that the trustee has no obligation to inquire into such non-estate assets.

Despite the foregoing, nothing precludes Etlin's filing a motion to conduct Rule 2004 examinations herself. However, forcing the trustee to conduct such examinations and incur the expense of doing so is not warranted.

III

The *Motion* requests a hearing for purposes of an interim review of the proceedings. The trustee's response to the *Motion* sets forth a lengthy review of his efforts to sell the Property. The adversary proceeding in which the trustee seeks to sell the Property free and clear of liens has a status hearing set for June 11, 2019, at 10:30 a.m. Etlin and the petitioning creditors may appear on that date and time to hear the status of that proceeding and of the case, and, if warranted, inquire otherwise

regarding the status of the case.

IV

Based on the foregoing, it is

ORDERED that the motion titled *Motion for Case Progress Hearing Pursuant to Section 704(a)(1) and for Related Just and Proper Relief* (Dkt. No. 347) is DENIED except that it is further

ORDERED that on June 11, 2019, at 10:30 a.m., a hearing will be held in this case and the related adversary proceeding at which Michelle Etlin and other creditors may appear for a status report by the trustee regarding the case, and, if warranted, inquire otherwise regarding the status of the case.

[Signed and dated above.]

Copies to: ECF recipients;

Michelle Etlin
5345 Randolph #3
Rockville, MD 20852
[By hand-mailing by Clerk]