The document below is hereby signed.

Signed: August 9, 2019



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| In re | ) | |
|---|---|---|
| | ) | |
| PIERRE PHILIPPE BARKATS, | ) | Case No. 14-00053 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF LIENS

On July 25, 2019, the court held a hearing on the Chapter 7 trustee's motion (Dkt. No. 357) (the *Motion*) to approve a sale, free and clear of liens, of the real property (the "Property") located at 3241 Woodland Drive, NW, Washington, D.C. (formerly having an address of 3232 Garfield Street, NW), owned by the debtor and his former wife, Dr. Rondi Walker, for $2,850,000. The extent of the interest owned by the debtor versus the interest owned by Dr. Walker has not yet been determined, but that can await later determination. Notice of the *Motion* was served upon all creditors and parties in interest in accordance with Bankruptcy Rule 2002(a)(2) & (c)(1) and 6004 of the Federal Rules of Bankruptcy Procedure.

At the hearing regarding the proposed sale, I overruled the

objection of Dr. Rondi Walker to the *Motion*.  U.S. Bank Trust National Association (as trustee of a trust) ("U.S. Bank") had filed an objection (Dkt. No. 364) objecting to the *Motion* unless U.S. Bank's lien is to be paid off in full at closing.  No other lienors objected to the sale being made free and clear of all liens.[1]  The trustee expressed agreement at the hearing to U.S. Bank's lien being paid at closing in the amount it was asserting, and no one at the hearing suggested that wold be inappropriate.

However, other lienors and Dr. Walker did not expressly agree to U.S. Bank being paid at closing in the amount it was asserting plus "additional attorneys' fees incurred subsequent to July 25, 2019" in an unspecified amount.  The trustee was to circulate to other parties for approval a proposed order granting the sale *Motion*.  He has docketed a proposed order approving the sale and providing for payment in full of U.S. Bank's lien in a specified amount at closing.  However, other parties have not endorsed the proposed order as agreeable, and there was no deadline for objecting to the proposed order.  The proposed order set forth additional provisions and Dr. Walker has objected to some of those additional provisions (although not objecting to the provision regarding paying U.S. Bank's lien), and the trustee

---

[1] Certain judgment lienors successfully objected to a prior proposed sale but entered into a settlement with the trustee, approved by the court in Adv. Pro. No. 18-10021, whereby the Property may be sold pursuant to the current proposed sale even if the sale may not fully satisfy their liens.

and other parties will need to be heard regarding those objections.[2]

U.S. Bank's deed of trust secures its claim against the entire Property and that deed of trust was recorded before other deeds of trust and any judgment lien. U.S. Bank takes the position that there is equity in the Property sufficient to pay its lien in full. Indeed, the $2,850,000.00 of sale proceeds, net of closing costs such as unpaid real estate tax liens, would far exceed U.S. Bank's lien which stands at well below $400,000.[3] It would be in the interest of everyone to agree to paying off U.S. Bank's claim at closing so that interest ceases running on that claim. However, there has not been express agreement to that effect, and I will not at this juncture direct such a payment to be made at closing.

In Adversary Proceeding No. 18-10021, the trustee has set forth the liens on the debtor's and Dr. Walker's respective

---

[2] For example, Dr. Walker objects that real estate tax liens should be paid from the debtor's interest in the Property. Plainly the real estate tax liens must be paid, and it makes sense to pay them at closing. Whether the payment of those real estate tax liens should be treated as having been paid from the proceeds attributable to the debtor's interest in the Property can be resolved later.

[3] As of June 25, 2019, U.S. Bank's payoff figure was $354,972.00 (which includes $6,050.00 in attorney's fees), plus interest of $33.00 per day and ongoing attorney's fees not included in the $354,972.00 figure. Other parties have not questioned the payoff figure, but they have not expressly agreed to it.

interests in the Property, and sought to sell both the debtor's and Dr. Walker's interests in the Property free and clear of liens, with the proceeds of the sale to be held by the trustee pending issuance of an order directing disbursement of the proceeds of the sale. Under Fed. R. Bankr. P. 7001, the issues of the extent of liens and the priority of liens against the Property, including a determination of the exact respective interests owned by the debtor and Dr. Walker, ought to be heard in an adversary proceeding. Adversary Proceeding No. 18-10021 will serve as a vehicle for determining those issues. A scheduling conference is set for August 21, 2019, in Adversary Proceeding No. 18-10021, and I anticipate that the parties will agree by then regarding the amount to be paid to U.S. Bank. They may submit a proposed consent order in that regard ahead of the scheduling conference.

In the meantime, however, interest continues to accrue on the various liens. It is in the interest of all parties that the sale be approved so that the purchaser's 30-day deadline to perform will begin to run and a sale will be concluded relatively soon instead of later (and so that liens whose extent and priority are not in dispute can be paid sooner rather than later). I will thus approve the sale free and clear of all liens, with such liens to attach to the proceeds of the sale to the same extent and with the same priority as they attached to

the interests of the debtor and Dr. Walker in the Property.

Such an order is appropriate under 11 U.S.C. § 363(f)(5) despite U.S. Bank's objection that it must be paid in full at closing the amount it claims it is owed.  Under § 363(f)(5), the court may approve a sale of property free and clear of the interest of an entity in the property if "such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."  Plainly U.S. Bank could be compelled in a legal or equitable proceeding to accept payment in full of its claim, and the proceeds of the sale will be sufficient to pay U.S. Bank's claim in full.  Nothing in the promissory note bars early payment of the note obligation, and the promissory note indicates that the note could be paid off early without any penalty.  See Adv. Pro. No. 18-10021, Dkt. No. 39, at p. 8.  Upon refusing to accept full payment to satisfy the debt, U.S. Bank could be compelled in a legal proceeding to accept full payment.  However, without there having been a determination of the amount owed to U.S. Bank, I will not at this juncture direct payment at closing of the amount U.S. Bank claims it is owed.  U.S. Bank's lien will attach to the proceeds to the same extent and with the same priority as it had against the Property.  The sale can go forward, with U.S. Bank to be paid upon the court's determining the amount owed to U.S. Bank.

That a determination of the amount owed to U.S. Bank

5

theoretically might be made only after the sale closes is not a basis for not approving a sale of the Property free and clear of liens.  U.S. Bank will still receive whatever amount it is owed regardless of when the court determines the amount to which U.S. Bank is entitled.  Of course, upon approval of the sale, U.S. Bank is entitled to adequate protection of its lien.  "Most often, adequate protection in connection with a sale free and clear of other interests will be to have those interests attach to the proceeds of the sale."  S.Rep. No. 989, 95th Cong., 2d Sess. 56 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5842.  As noted already, the net sale proceeds will be far in excess of U.S. Bank's lien.  Having the lien attach to the proceeds of the sale will provide adequate protection.

   In light of the foregoing, it is

   ORDERED that the *Motion for Authority to Sell Property of the Bankruptcy Estate and Co-Owner Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C. § 363 of the Bankruptcy Code* (Dkt. No. 357) is GRANTED.  It is further therefore

   ORDERED that Wendell W. Webster, the Chapter 7 trustee of the bankruptcy estate of the debtor, Pierre Philippe Barkats, be, and hereby is, authorized to sell the real property and improvements owned by the debtor and Dr. Rondi Walker located at 3241 Woodland Drive, NW, Washington, D.C. 20008, previously known as 3232 Garfield Street, NW (the "Property") pursuant to

the terms and conditions of the contract of sale executed by the trustee and Soleiman Askarinam on June 7, 2019, outside of the ordinary course of business to Soleiman Askarinam or his assignee.  It is further

ORDERED that the sale of the Property shall be free and clear of all liens, encumbrances, or interests with any unreleased liens, encumbrances, or interests to attach to the proceeds of the sale to the same extent that they attached to the respective interests of the debtor and Dr. Walker in the Property, and with the same priority as they had against those interests in the Property.  It is further

ORDERED that upon consummation of the sale of the Property, all liens, encumbrances and interests encumbering or otherwise involving the Property shall be released and removed and the recordation of a certified copy of this Order with the deed in the applicable Land Records shall constitute a release of all such liens, encumbrances and interests and conclusively establish for chain-of-title purposes the right and authority of the trustee to convey valid legal title, free and clear of all liens, encumbrances and interests with respect to the Property.  It is further

ORDERED that as contemplated by the contract of sale with Askarinam, the trustee be and hereby is authorized to pay at settlement on the sale of the Property, without further order of

this court, outstanding real property taxes assessed against the Property (including an amount adjusted to the date of settlement for real property taxes not yet due) and amounts of utilities charges for the Property adjusted to the date of settlement, the transfer taxes assessed against the trustee as seller, and the closing costs charged to the trustee as seller pursuant to Paragraph 19 of the contract of sale with Askarinam, as well as any real estate sales commission approved by the court.  It is further

ORDERED that the trustee be, and hereby is, authorized to take all actions reasonably necessary to consummate the sale of the Property consistent with the contract of sale and the sale of the Property, as the same may be amended with the consent of all parties.  It is further

ORDERED that this Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(h), 7062 or otherwise, and the trustee may take any action authorized under this Order immediately upon entry of this Order.

[Signed and dated above.]

Copies to: ECF recipients;

Michelle Etlin
8331 Meadowsweet Road
Pikesville, MD 21208

Nancy Itteilag
Washington Fine Properties
3201 New Mexico Avenue, NW
Suite #200
Washington, DC 20016